[Crim. No. 6949. Fourth Dist., Div. One. Mar. 31, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID EARL MACKEY, Defendant and Appellant.

COUNSEL

Ronald G. Barron, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Harley D. Mayfield and Jay M. Bloom, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

WHELAN, J.*—Defendant David Earl Mackey appeals from an order committing him to the Youth Authority after a jury found him guilty of a violation of Penal Code section 261.5.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

Penal Code section 261.5 reads as follows: "Unlawful sexual intercourse is an act of sexual intercourse accomplished with a female not the wife of the perpetrator, where the female is under the age of 18 years."

Defendant was born February 5, 1957. The girl of whom he took advantage, and who made the claim the act was accomplished against her will, was born December 12, 1959. The date of the offense was March 15, 1974. Defendant was taken into custody the same day.

The jury recommended defendant be punished by confinement in the county jail.

Penal Code section 264, as amended in 1970, provides in part: "Rape, as defined in Section 261, is punishable by imprisonment in the state prison for not less than three years. Unlawful sexual intercourse, as defined in Section 261.5, is punishable either by imprisonment in the county jail for not more than one year or in the state prison for not more than 50 years, and in such case the jury shall recommend by their verdict whether the punishment shall be by imprisonment in the county jail or in the state prison; provided, that when the defendant pleads guilty to an offense under Section 261.5 the punishment shall be in the discretion of the trial court, either by imprisonment in the county jail for not more than one year or in the state prison for not more than 50 years."

■ Defendant contends (1) that in committing him to the Youth Authority, rather than following the jury's recommendation, the trial court exceeded its jurisdiction; and (2) that the statute under which he was convicted makes an unconstitutional classification of minor females to the exclusion of minor males, and denies defendant the equal protection of the law.

Section 261.5 is a reenactment of section 261, subdivision 1 which defined what was known as statutory rape. The 1970 revision of section 264 continued to use the words "the jury shall recommend" as they had appeared in the section prior to 1970 and after 1923. Prior to 1923 the section had said, "the jury shall determine" the judgment.

Between 1923 and 1970 several cases held that the trial court was without jurisdiction to impose a sentence other than a jail sentence when such had been recommended by the jury. (*People* v. *Rambaud,* 78 Cal.App. 685 [248 P. 954]; *People* v. *Sachau,* 78 Cal.App. 702 [248 P. 960]; see also *People* v. *Pantages,* 212 Cal. 237, 269-270 [297 P. 890]; *People* v. *Brown,* 35 Cal.App.3d 317 [110 Cal.Rptr. 854].)

Presumably the Legislature in 1970 was familiar with the judicial interpretation of the statute and reincorporated the language that had been so judicially construed.

The People argue that "recommend," as defined by the dictionary, excludes the idea that the trial judge is bound to follow the recommendation. A reasonable explanation of the legislative reason for abandoning the word "determine" in 1923 in favor of "recommend" is a recognition that the punishment is not determined until judgment is pronounced, and a judge might also grant probation, even in a case in which prison had been recommended.

Although *People* v. *Rambaud, supra,* 78 Cal.App. 685, speaks of the jury's fixing the place of punishment, we reject the concept that the judge may not recommend the placing of a defendant in an honor camp rather than in the county jail.

Although the court may treat a defendant with more leniency than the jury recommends, the court may not treat a defendant with more severity than the jury recommends.

Penal Code section 17 provides in part:

"(b) When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances:

".    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"(2) When the court commits the defendant to the Youth Authority."

It is questionable that, with a jury's recommendation of a jail sentence, a violation of Penal Code section 261.5 "is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail." We are satisfied that the legislative intent in section 17, subdivisions (b) (2) was to define the class of crime rather than the circumstances peculiar to a particular case.

Welfare and Institutions Code section 1731.5 provides in relevant part:

"[A] court may commit to the authority any person convicted of a public

offense who comes within subdivisions (a), (b), and (c), or subdivisions (a), (b), and (d), below:

"(a) Is found to be less than 21 years of age at the time of apprehension.

"(b) Is not sentenced to death, imprisonment for life, imprisonment for 90 days or less, or the payment of a fine, or after having been directed to pay a fine, defaults in the payment thereof, and is subject to imprisonment for more than 90 days under the judgment.

"(c) Is not granted probation.

"(d) Was granted probation and probation is revoked and terminated."

Although *In re Ralph,* 27 Cal.2d 866, 871 [168 P.2d 1], states that the commitment to the Authority must follow the imposition of a sentence either to prison or to jail for more than 90 days, *People* v. *Navarro,* 7 Cal.3d 248, 271 [102 Cal.Rptr. 137, 497 P.2d 481], held that a commitment to the Authority is a pronouncement of the sentence for the offense.

*Navarro* also held, at page 271, that "a commitment to the authority based upon conviction of an optional sentence offense reduced that offense unconditionally to a misdemeanor, for all purposes thereafter . . . ."

The precise question is whether Penal Code section 264 excludes the crime defined by section 261.5 from the operation of the provisions of Welfare and Institutions Code section 1731.5 in those instances where a jury has recommended that punishment be by confinement in the county jail. We conclude that there is no such exclusion.

While the recommendation of the jury must be followed that a prison sentence not be imposed, and, by implication, that the crime be fixed as a misdemeanor, the jury neither fixes nor recommends the length of the term of confinement.

Commitment to the Youth Authority results in the fixing of the crime as a misdemeanor. While the period of time to be spent under the jurisdiction of the authority might be longer than a year, a much earlier parole is also a possibility.

The Youth Authority was created, and Welfare and Institutions Code section 1731.5 was enacted, in 1941. That statute contained no exception for a male person convicted of statutory rape for whom a jury had recommended a jail sentence. The title of statutory rape was done away with and a new name given to the offense in 1970, and Penal Code section 264 was amended to replace the reference to subdivision 1 of section 261 by reference to section 261.5. However, that amendment did not have the effect of taking from the trial court the right to commit a minor to the Youth Authority because of a jury's recommendation of a jail sentence, any more than in the case of a minor who might plead guilty to the offense, as to which the statute says the court has discretion to impose a prison sentence or a jail sentence.

The Welfare and Institutions Code permits the commitment to the Youth Authority of any person coming within its definition for a misdemeanor offense punishable by more than 90 days in jail, as well as for certain felonies.

We discover nothing to indicate a legislative intention to exclude from the operation of Welfare and Institutions Code section 1731.5 minor persons convicted of violating Penal Code section 261.5, for whom confinement in jail has been recommended.

■ Defendant argues against the constitutionality of the statute because it does not make punishable the act of having sexual intercourse with a male person under the age of 18 years. He cites the possibility that a female of the age of 17 might have sexual intercourse with a 14-year-old boy and not come under the penalty of section 261.5. In such a case, however, the female might be subject to prosecution for contributing to the delinquency of a minor.

In the case at bench the girl had recently completed her 14th year; defendant had recently completed his 17th year. It would be unrealistic to base a conclusion as to the reasonableness of the statute's classification of the protected class upon a belief that girls of the age of the victim in this case are no more likely than boys of the same age to be the objects of the desires and designs of older people of the opposite sex who are on the prowl.

We hold that the statute is not unconstitutional in extending its protection only to female persons under the age of 18.

The judgment is affirmed.

Ault, Acting P. J., and Cologne, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 28, 1975.