UNITED STATES of America, Appellee,

v.

, **Claude Nolan GREEN, Appellant.**

UNITED STATES of America, Appellee,

v.

**Franklin JOHNSON, Appellant.**

Nos. 76–2797, 76–2798.

United States Court of Appeals, Ninth Circuit.

May 23, 1977.

Rehearing Denied July 5, 1977.

* Honorable  Gus  , J.  Solomon,  Senior United States District Judge for the District of Oregon, sitting by designation.

Robert B. Royal, Yakima, Wash., argued for Green.

Edward D. Seeberger, Yakima, Wash., argued for Johnson.

Dean C. Smith, U.S. Atty., Robert S. Linnell, Asst. U.S. Atty., Spokane, Wash., argued for appellee.

Before WRIGHT, KILKENNY and ANDERSON, Circuit Judges.

KILKENNY, Circuit Judge:

The appellants were indicted, tried by a jury, and convicted of transporting and causing to be transported two females from Portland, Oregon, to Yakima, Washington, for the purpose of prostitution in violation of the Mann Act, 18 U.S.C. § 2421. We affirm.

## BACKGROUND

Viewing the evidence in the light most favorable to the government, it appears that in March of 1976, appellant Johnson accompanied appellant Green from Yakima to Portland to bring back another car owned by Green. There, near an area of the city known for prostitution, they met two girls who worked as prostitutes. The four exchanged telephone numbers and, later that evening, appellants picked up the two girls at the Sheraton Hotel and took them to an apartment where all four spent the night.

Before departing Portland, the appellants told both of the girls that they could get "bigger and better things" in Yakima. While it is clear that all four simultaneously departed Portland, there is conflicting testimony regarding the exact seating arrangements. Both of the appellants testified that they rode in one car and that the two girls rode in the other. Each of the girls, on the other hand, testified that she departed Portland with one of the appellants, the younger girl with Johnson and the older one with Green. In any case, it appears that from near The Dalles, Oregon, to Yakima, Washington, the two girls traveled in one car and the two appellants in the other. There is circumstantial evidence that the change was deliberately made with the crossing of the Columbia River in mind.

The girls testified that, after eating in Yakima, they followed appellant Johnson to a motel where they obtained a room. Green introduced the girls to another prostitute named Sherry who was to assist them in plying their trade, particularly the young girl. Both engaged in prostitution that first night and thereafter until the time of the arrest of the young girl. On one occasion, the girls had a conversation with the Yakima police and they related this fact to the appellants. Green's response to the older girl was that the FBI would be coming to see her and that she was to tell them that she was not acquainted with either of the appellants. Appellant Johnson's response was to threaten and strike the older girl.

The young girl was arrested six days after her arrival. Up until that time, she had earned $600.00–$700.00 and turned it all over to the appellant Green. The older girl, during this same period, turned over her earnings of about $200.00 to the appellant Johnson. Both of the appellants denied sharing in the girls' earnings.

Each appellant raises three identical issues on appeal. Appellant Johnson raises an additional issue which will be dealt with in the final section of the opinion.

## ISSUES

I. Was the evidence sufficient to support a verdict of guilty as to each appellant?

II. Is the Mann Act unconstitutional as invidiously discriminatory on the basis of sex?

III. Did outside influences deprive the appellants of a fair trial?

IV. The Johnson appeal.

## I.

■ Appellants' primary contention is that the evidence was insufficient to conclude that the trip was "for the purpose of prostitution." On this element, they both concede that the requisite intent may be proved by circumstantial evidence and that such evidence may include the conduct of the parties both before and within *a reasonable time after the transportation. See United States v. Snow,* 507 F.2d 22 (CA7 1974); *United States v. Tyler,* 424 F.2d 510 (CA10 1970), *cert. denied* 400 U.S. 839, 91 S.Ct. 78, 27 L.Ed.2d 73. *See also United States v. Szymanski,* 431 F.2d 946 (CA9 1970).

■ The appellants principally rely upon *United States v. Tobin,* 426 F.2d 1279 (CA7 1970), which held in *dictum* that the mere fact that the female engages in prostitution at the end of the trip is not sufficient to satisfy the purpose element. We do not quarrel with this as a general proposition, but find that there are several additional facts here. Initially, one of the girls thought that she had informed the appellants of her occupation. Without purporting to be exhaustive, we also note that other events surrounding the departure from Portland, *e. g.,* that appellants picked up the girls near a known prostitution area, that the girls paid no part of the trip expenses, and that the appellants told the girls that they could get bigger and better things in Yakima, are also significant. Moreover, the events occurring in Yakima were not so remote as to preclude jury determination of the requisite intent from the outset, *e. g.,* that the girls both engaged in prostitution on the night of arrival, that they were introduced on the same night to another prostitute who was to help the younger girl learn the ropes, and that both of the appellants shared in the prostitution earnings. The circumstantial and direct evidence of appellants' guilt is so strong that it is difficult to imagine a jury that might acquit. It is a time-tested rule in this circuit that circumstantial evidence is not inherently less probative than direct evidence. *United States v. Cruz,* 536 F.2d 1264, 1266 (CA9 1976); *United States v. Turner,* 528 F.2d 143, 162 (CA9 1975), *cert. denied* 423 U.S. 996, 96 S.Ct. 426, 46 L.Ed.2d 371; *United States v. Nelson,* 419 F.2d 1237, 1239–41 (CA9 1969); *United States v. Rux,* 412 F.2d 331 (CA9 1969). Additionally, we have said many times that it is not our function to disturb the jury's verdict where the members could rationally conclude from the evidence, direct and circumstantial, and the inferences to be drawn therefrom, that the accused was guilty beyond a reasonable doubt. *Turner, supra,* at 162; *Cruz, supra,* at 1266. Viewing this evidence in the light most favorable to the government, *Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), we have no doubt as to its sufficiency to go to the jury.

## II.

■ Appellants argue here that 18 U.S.C. § 2421 constitutes a denial of equal protection because it makes it unlawful to transport only females and not males. For the reasons stated in *United States v. Garrett,* 521 F.2d 444 (CA8 1975), we reject this contention. Additionally, the appellants have no standing to object. Moreover,

"[T]he statute may be violated by either males or females; it is thus sexually neutral and does not raise questions of an illegal classification. [Citations]. The fact that the class of possible victims is limited to females does not present defendant with a ground to attack the statute's constitutionality." *Id.* at 446.

In short, there is here present no cognizable showing of dissimilar treatment of persons similarly situated. We adopt *Garrett* as the law of this circuit. *See also United States v. Caesar,* 368 F.Supp. 328 (E.D.Wis.1973), *affd.* 519 F.2d 1405 (CA7 1975).

## III.

■ Defense counsel sought a change of venue on the ground of pretrial publicity

and submitted three newspaper articles in support—all dealt with a grand jury probe of prostitution and one mentioned the fact that "two men" were to go on trial in federal court on charges of violating the Mann Act. The appellants also argue that a number of "known prostitutes" were present in the hall [to appear in another case before the grand jury] near the courtroom where the trial took place, intimate that improprieties took place during the *voir dire,* and misquote the trial judge's admonishment to the jury on the media publicity. We have read the proffered articles along with the trial judge's admonishments and hold that he did a commendable job in protecting the appellants' rights. *United States v. Clardy,* 540 F.2d 439 (CA9 1976), *cert. denied* 429 U.S. 963, 97 S.Ct. 391, 50 L.Ed.2d 331 (1976); *United States v. Polizzi,* 500 F.2d 856 (CA9 1974), *cert. denied* 419 U.S. 1120, 95 S.Ct. 802, 42 L.Ed.2d 820 (1975). It would strain credulity to find even a remote similarity between the facts before us and those discussed in *Sheppard v. Maxwell,* 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966), a case the appellants urge upon us.

In short, we find nothing in the record indicative of any possibility that the jury convicted the appellants on the basis of evidence other than that presented at trial. *Cf. United States v. Perry,* 550 F.2d 524 (CA9 1977).

### IV.

■ Appellant Johnson raises an additional claim that the evidence was insufficient as to him on the transportation element. He says there is no evidence that he owned or drove the cars or was otherwise involved in the transportation. On this claim, we recognized at an early date that the fact that the girls transported themselves across the border is not dispositive. *Bennett v. United States,* 234 F.2d 675, 16 Alaska 325 (CA9 1956). As stated in *Wright v. United States,* 175 F.2d 384, 387 (CA8 1949):

"We have no doubt that one who deliberately aids or deliberately brings about the interstate transportation of a woman for immoral purposes is as guilty of the offense of transporting her as though he had physically and personally carried her across the state line." [Footnote omitted].

Appellant Johnson does not dispute this, but argues that the jury should not have been given an aiding/abetting instruction [18 U.S.C. § 2] in addition to the substantive charge. Alternatively, he argues that his "mere presence" on the trip was insufficient and could not form the basis for a conviction through 18 U.S.C. § 2.

■ The appellant's claim that a § 2 instruction was improper ignores both the legislative history and the relevant case law. Certainly it cannot be argued that the combination of §§ 2 and 2421 renders the inducement section [18 U.S.C. § 2422] superfluous inasmuch as all three were passed by the same Congress. Moreover, there is nothing to the contrary in *Twitchell v. United States,* 330 F.2d 759 (CA9 1964), relied upon by the appellant. Our cases have recognized a difference between the two sections, *Ege v. United States,* 242 F.2d 879 (CA9 1957), and have approved the use of § 2 together with § 2421. *See, e. g., Brown v. United States,* 314 F.2d 293 (CA9 1963), where the evidence was sufficient even though the woman furnished both the automobile and the funds for the trip. *See also United States v. Dimsdale,* 410 F.2d 358 (CA5 1969).

■ We find a similar situation here present and think that there is sufficient evidence, both direct and circumstantial, of appellant Johnson's participation to sustain the conviction. *See Turner, supra,* and *Cruz, supra.* Obviously, the jury did not regard appellant Green's ownership of the vehicles as a controlling factor. Based, *inter alia,* upon this appellant's advice to the girls that they could get "bigger and better things" in Yakima, and that he helped find a room for the girls in Yakima, and participated in their earnings, we think that the jury could have found that he, along with his companion, was the effective cause of

the interstate transportation as charged in the indictment.

## CONCLUSION

The appellants had a fair trial in the district court. Their convictions must be affirmed.

IT IS SO ORDERED.