**Ex parte Richard GROVES.**

No. 58945.

Court of Criminal Appeals of Texas, En Banc.

Oct. 4, 1978.

Roy A. Davis, Irving, for appellant.

Tim Curry, Dist. Atty., and Howard M. Fender, Asst. Dist. Atty., Fort Worth, for the State.

## OPINION

EN BANC.

ONION, Presiding Judge.

Richard Groves was indicted by a Tarrant County grand jury for rape of a child, a violation of V.T.C.A., Penal Code, Sec. 21.09. That statute, literally read, makes it a second degree felony for a person to have sexual intercourse with a female not his wife and younger than 17 years.[1] The term "sexual intercourse" is defined by V.T.C.A., Penal Code, Sec. 21.01(3), to mean "any penetration of the female sex organ by the male sex organ."

Groves was subsequently tried in the Criminal District Court No. 3 of Tarrant County. There, a jury found him guilty as charged and assessed his punishment at 15 years' imprisonment in the Department of Corrections. The trial judge entered judgment in accordance with the jury's verdict on June 7, 1978.

On June 12, 1978, Groves filed a petition for writ of habeas corpus in the trial court, contending that his conviction was unconstitutional and void. He cited as authority for his contention the decision of the United States Court of Appeals for First Circuit in *Meloon v. Helgemoe,* 564 F.2d 602 (1st Cir. 1977), which held the New Hampshire crime of "statutory rape" unconstitutional on the ground that it denied equal protection in violation of the Fourteenth Amendment to the United States Constitution. Noting that the United States Supreme Court had denied certiorari in *Helgemoe v. Meloon,* —— U.S. ——, 98 S.Ct. 2858, 56 L.Ed.2d 793 (1978), and inferring that the New Hampshire statute[2] is similar to Sec. 21.09, he prayed that he be discharged from further confinement by virtue of his conviction.

On June 12, 1978, a writ of habeas corpus issued on order of the trial judge to the Honorable Lon Evans, Sheriff of Tarrant County, who held Groves in custody. The sheriff filed a response, and a hearing was held on June 13, 1978. After the hearing the trial judge entered an order denying relief, and Groves gave notice of appeal. The case is thus before us as a habeas corpus appeal pursuant to Art. 44.34, Vernon's Ann.C.C.P. See *Ex parte Mayes,* 538 S.W.2d 637 (Tex.Cr.App.1976); *Ex parte Weston,* 556 S.W.2d 347 (Tex.Cr.App.1977).

---

1. The full text of Sec. 21.09 is as follows:

"(a) A person commits an offense if he has sexual intercourse with a female not his wife and she is younger than 17 years.

"(b) It is a defense to prosecution under this section that the female was at the time of the alleged offense 14 years or older and had, prior to the time of the alleged offense, engaged promiscuously in sexual intercourse or deviate sexual intercourse.

"(c) It is an affirmative defense to prosecution under this section that the actor was not more than two years older than the victim.

"(d) An offense under this section is a felony of the second degree."

The indictment, in pertinent part, alleged that Groves, on or about January 10, 1978, did ". . . intentionally and knowingly have sexual intercourse with C——— R———, and at the same time of said intercourse C——— R——— was a person younger than 17 years of age and was not the spouse of the said Richard Groves, . . ."

2. The pertinent part of the New Hampshire statute is as follows:

"A male who has sexual intercourse with a female not his wife is guilty of a Class A felony if

\* \* \* \* \* \*

"(c) the female is . . . less than [15] fifteen years old . . . ."

## I.

Habeas corpus is an extraordinary remedy; and, ordinarily, neither a trial court nor this Court, either in the exercise of our original or appellate jurisdiction, should entertain an application for writ of habeas corpus where there is an adequate remedy at law. See the cases cited in annotations 6–15, Art. 11.01, Vernon's Ann.C. C.P. Of course, Groves has such a remedy—an appeal of his conviction. Moreover, we have consistently held that habeas corpus will not lie as a substitute for an appeal. See the cases cited in annotations 16–19, Art. 11.01, supra. However, these rules are not absolute. In *Ex parte Becker,* 459 S.W.2d 442 (Tex.Cr.App.1970), we entertained a habeas corpus appeal where a defendant challenged the validity of his indictment, contending that the grand jury which returned it had been illegally organized and was void. Because the challenged grand jury was then in session and returning indictments, we noted that a prompt determination as to the legality of the grand jury was in order. See also *Ex parte Matthews,* 488 S.W.2d 434 (Tex.Cr. App.1973).

There appears to be some concern among the bench, bar, and law enforcement officers of this state as to what effect, if any, the First Circuit's decision in *Meloon* has upon the validity of our rape of a child statute, Sec. 21.09, supra. In view of this concern and because it is contended that Sec. 21.09 violates the Equal Protection Clause of the Fourteenth Amendment, we believe a prompt decision is necessary; and, we will entertain this habeas corpus appeal. We note that otherwise it might be several years before the appeal reaches this court and is finally submitted.

## II.

Any concern as to the effect of *Meloon* should be diminished by the last full paragraph of that opinion. There the Court concluded:

"We want to take care to indicate the limited nature of our holding. We have found only one particular statutory rape law to be unconstitutional. We have not reflected on nor do we intend to question the constitutionality of the laws of other states. We express no opinion as to whether on a different record some other statute would pass constitutional scrutiny."

However, even if Sec. 21.09 were identical (which it is not)[3] to the New Hampshire statute invalidated in *Meloon,* we are not bound by that decision. Moreover, the denial of certiorari by the United States Supreme Court in that case does not mean that that court agreed with the First Circuit. In *Wade v. Mayo,* 334 U.S. 672, 680–681, 68 S.Ct. 1270, 1274–1275, 92 L.Ed. 1647 (1947), it is stated:

". . . Writs of certiorari are matters of grace. Matters relevant to the exercise of our certiorari discretion frequently result in denials of the writ without any consideration of the merits. The constitutional issue may thus have no bearing upon the denial of the writ. . . ."

See also Rule 19, Revised Rules of the Supreme Court of the United States, which states some of the considerations governing review on certiorari, and the cases cited in annotation 1, U.S.Sup.Ct. Rule 25, 28 U.S. C.A.

*Meloon,* then, is no authority for holding Sec. 21.09 unconstitutional. In fact, we have taken a contrary position in a similar situation in *Finley v. State,* 527 S.W.2d 553 (Tex.Cr.App.1975), where it was contended that V.T.C.A., Penal Code, Sec. 21.02[4] vio-

---

3. See part III., infra.

4. Sec. 21.02, supra, provides:

 "(a) A person commits an offense if he has sexual intercourse with a female not his wife without the female's consent.

 "(b) The intercourse is without the female's consent under one or more of the following circumstances:

"(1) he compels her to submit or participate by force that overcomes such earnest resistance as might reasonably be expected under the circumstances;

"(2) he compels her to submit or participate by any threat, communicated by actions, words, or deeds, that would prevent resistance by a woman of ordinary resolution, un-

lated Art. 1, Sec. 3a of the Texas Constitution,[5] commonly known as the Equal Rights Amendment. In rejecting that argument, we stated:

"A contention similar to appellant's was answered in favor of the constitutionality of the statute in *Buchanan v. State,* 480 S.W.2d 207 (Tex.Cr.App.1972), appeal dismissed for want of substantial federal question, 409 U.S. 814, 93 S.Ct. 175, 34 L.Ed.2d 71 (1972). Appellant in that case challenged Art. 1147(9), V.A. P.C. on the grounds that it discriminated against men. The statute made any assault by an adult male upon an adult female an aggravated assault, but an assault by an adult woman upon a man or another woman remained a simple assault. This Court found that the purpose of the statute was to prevent serious bodily injuries and that, because of the relative sizes of men and women, the statutory classification was rationally related to the accomplishment of that end.

"Likewise, the object of the rape statute challenged here is designed to accomplish a legitimate state interest. It is a matter of common knowledge that most sexual assaults are perpetrated by men against women. These assaults carry with them the danger of serious bodily injury. The State also has an interest in preventing unwanted pregnancies. Men are protected from assaults, sexual or otherwise, by women by several other provisions of the Penal Code. See, generally, Title 5, V.T.C.A., Penal Code. Furthermore, a unique characteristics test can be applied to justify the statutory classification. Hymen and uterine injury to female rape victims, the possibility of pregnancy, and the physiological difficulty of a woman forcing a man to have sexual intercourse with her all suggest a justification for the sexual distinction embodied in Art. 21.02. Comment, 'An Overview of the Equal Rights Amendment in Texas,' 11 Houston L.Rev. 136, 146–150 (1973).

"We note also that almost all of our sister states which have confronted this question recently have reached decisions upholding the constitutionality of their respective rape statutes against equal protection attacks. *People v. Gould* [188 Colo. 113,] 532 P.2d 953 (Colo.1975); *People v. Mackey,* 46 Cal.App.3d 755, 120 Cal.Rptr. 157 (1975); *Brooks v. State,* 24 Md.App. 334, 330 A.2d 670 (1975); *State v. Price,* 215 Kan. 718, 529 P.2d 85 (1974); *People v. Medrano,* 24 Ill.App.3d 429, 321 N.E.2d 97 (1974); *State v. Kelly,* 111 Ariz. 181, 526 P.2d 720 (1974); *State v. Ewald,* 63 Wis.2d 165, 216 N.W.2d 213, 218 (1974); *State v. Drake,* 219 N.W.2d 492 (Iowa 1974); *In re W.E.P.,* 318 A.2d 286 (D.C.App.1974); cf. *Wilson v. State,* 288 So.2d 480 (Fla.1974)." [6]

The so-called "statutory rape" laws have been on the books of many states for years. In *United States v. Garrett,* 521 F.2d 444 (8th Cir. 1975), an attack was made on the Mann Act, 18 U.S.C. Sec. 2421, on the ground that it denied equal protection. That Court stated: "It is rather late in the history of the Mann Act to still be contend-

---

der the same or similar circumstances, because of a reasonable fear of harm;

"(3) she has not consented and he knows she is unconscious or physically unable to resist;

"(4) he knows that as a result of mental disease or defect she is at the time of the intercourse incapable either of appraising the nature of the act or of resisting it;

"(5) she has not consented and he knows that she is unaware that sexual intercourse is occurring;

"(6) he knows that she submits or participates because she erroneously believes that he is her husband; or

"(7) he has intentionally impaired her power to appraise or control her conduct by administering any substance without her knowledge.

"(c) An offense under this section is a felony of the second degree."

5. Art. 1, Sec. 3a, supra, provides as follows: "Equality under the law shall not be denied or abridged because of sex, race, color, creed, or national origin. This amendment is self-operative."

6. Some of these cases were discussed in footnote 4 in *Meloon,* 564 F.2d at 605.

ing for its unconstitutionality." The Court concluded by saying:

". . . The statute may be violated by either males or females; it is thus sexually neutral and does not raise questions of an illegal classification. See *United States v. Caesar*, 368 F.Supp. 328, 333 (E.D.Wis.1973). Compare *McLaughlin v. Florida*, 379 U.S. 184, 85 S.Ct. 283, 13 L.Ed.2d 222 (1964). The fact that the class of possible victims is limited to females does not present defendant with a ground to attack the statute's constitutionality." [7]

In *United States v. Green*, 554 F.2d 372 (9th Cir. 1977), the same argument was made. The Ninth Circuit rejected the argument, relying on *United States v. Garrett*, supra, and stated: "We adopt *Garrett* as the law of this circuit. See also *United States v. Caesar*, 368 F.2d 328 (E.D.Wis.1973), affd. 519 F.2d 1405 (C.A.7 1975)."

■ To paraphrase the Eighth Circuit, we think it a little bit late in the history of "statutory rape" laws to now contend they violate equal protection, *Meloon* notwithstanding. Moreover, we do not believe that "statutory rape" laws deny equal protection because of the "fact that the class of possible victims is limited to females . . . ." *United States v. Garrett*, supra. Furthermore, we do not believe that the Supreme Court decisions in *Reed v. Reed*, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971); *Frontiero v. Richardson*, 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973); *Stanton v. Stanton*, 421 U.S. 7, 95 S.Ct. 1373, 43 L.Ed.2d 688 (1975); or *Craig v. Boren*, 429 U.S. 190, 97 S.Ct. 451, 50 L.Ed.2d 397 (1976), require a different result. If we be wrong in this regard, then it would appear that

the "statutory rape" laws of several states will fall, including an Act of Congress, 18 U.S.C., Sec. 2032, which prohibits the carnal knowledge of a female under 16.[8] Moreover, if the "fact that the class of possible victims is limited to females" in the definition of a criminal offense denies equal protection, then it would appear that many laws, state and federal, which prohibit forcible rape upon females (and not males) must fall as constitutionally invalid.[9]

### III.

■ In *Finley v. State,* supra, it is stated:

"We do note, however, that the definition of 'sexual intercourse' given in Art. 21.01, V.T.C.A., Penal Code, makes it impossible for a woman to be the actual perpetrator of the crime of rape. To this extent, the statute does constrain men and not women. And it is equally obvious that the protections of the statute extend only to women and not to men. The statute thus sets up a classification on the basis of sex and we must determine if that classification is rationally related to the furthering of a legitimate state interest. *Stanton v. Stanton,* 421 U.S. 7, 95 S.Ct. 1373, 43 L.Ed.2d 688 (1975)."

These statements, however, are dicta, as they were not necessary to the decision in the case. We now specifically disavow the above quoted language. Sec. 21.01(3) merely defines what "sexual intercourse" is; it does not purport to define the "actual perpetrator" of the intercourse. Moreover, although the male sex organ must penetrate the female sex organ in order for sexual intercourse to occur, such penetra-

---

7. As noted in *Finley,* a woman may be guilty of rape under Texas law. 527 S.W.2d at 555.

8. 18 U.S.C., Sec. 2032, supra, reads as follows: "Whoever, within the special maritime and territorial jurisdiction of the United States, carnally knows any female, not his wife, who has not attained the age of sixteen years, shall, for a first offense, be imprisoned not more than fifteen years, and for a subsequent offense, be imprisoned not more than thirty years."

9. Compare *Coker v. Georgia,* 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977), in which three members of the Court thought the penalty of death was not cruel and unusual punishment under certain circumstances in forcible rape cases. 97 S.Ct. at 2870 (Powell, J., concurring in part and dissenting in part), and 97 S.Ct. at 2872 (Burger, C. J., with whom Rehnquist, J., joined, dissenting).

tion may be initiated and that result caused by action of the female as well as the male.

■ The Code Construction Act, Art. 5429b–2, Sec. 3.01, Vernon's Ann.Civ.St., provides that, in enacting a statute, it is presumed that compliance with the constitutions of this state and the United States is intended. Further, that section governs the construction of the Penal Code. V.T.C.A., Penal Code, Sec. 1.05(b). Moreover, it is our duty to construe statutes so that the Legislature's intent of enacting constitutional statutes will be carried out. Consequently, even if it could be said that Sec. 21.09 were unconstitutional on its face, we should construe it in a constitutional manner.

■ Although not before or considered by us when *Finley v. State,* supra, was decided, it has now been called to our attention that the Code Construction Act, supra, Sec. 2.02(c) provides that "(w)ords of one gender include the other genders." Sec. 2.02 applies to the construction of the Penal Code. V.T.C.A., Penal Code, Sec. 1.05(b). Consequently, as used in Sec. 21.09, the words "female," "his," "wife," and "she" include "male," "her," "husband," and "him." Therefore, Sec. 21.09, as construed pursuant to the Code Construction Act, also makes it a second degree felony for any person to have "sexual intercourse with a *male* not *her husband* and *he* is younger than 17 years."

This construction is consistent with V.T.C.A., Penal Code, Sec. 1.05(a), which states:

> "The rule that a penal statute is to be strictly construed does not apply to this code. The provisions of this code shall be construed according to the fair import of their terms, to promote justice and effect the objectives of the code."

To "promote justice" necessarily implies the promotion of equal justice. We believe that the Legislature intended to protect both male and female victims of rape; and, we so hold. Under our interpretation there can be no possible violation of equal protection of the laws under Sec. 21.09 on the basis of sex.

The relief prayed for is denied; and, the judgment of the trial court is affirmed.

PHILLIPS, Judge, concurring.

I agree with Presiding Judge Onion that Section 2.02(c) of our Code Construction Act (Article 5429b–2, V.A.C.S.) operates to defeat the petitioner's claim that V.T.C.A., Penal Code, Section 21.09 operates to deprive him of the equal protection of the laws on its face. Further, as noted in the Presiding Judge's opinion, there is nothing to preclude the prosecution of a woman for the same acts.

DALLY, Judge, dissenting in part and concurring in part.

I dissent to the granting of a writ of habeas corpus. Although I fully agree and concur with the opinion it should be deferred for an appeal. The aberration of the United States Court of Appeals for the 1st Circuit in *Meloon v. Helgemoe,* 564 F.2d 602 (1st Cir. 1977) should be of little concern to the trial bench of this State.

DOUGLAS and ROBERTS, JJ., join in this opinion.