## Commonwealth v. Henninger

*James Dailey,* for Commonwealth.
*Jay Nedll,* for defendant.

McCLELLAND, *J.,* January 19, 1981— Defendant has presented this court with the novel question of whether a female can legitimately be charged with the crime of statutory rape under the laws of this Commonwealth.

Defendant argues that the statute does not admit of the capability of a female to commit the crime of statutory rape in Pennsylvania.

The prohibition against intercourse with persons under the age of consent is codified at 18 Pa.C.S.A. §3122.

"A person who is 18 years of age or older commits statutory rape, a felony of the second degree, when he engages in sexual intercourse with another person not his spouse who is less than 14 years of age."

First, defendant maintains that the gender-based language in Section 3122 evidences an intent on the part of the legislators to protect only women. Defendant's historical argument is certainly well-founded but, given the more recent pronouncement of the legislators regarding sexual equality in enacting the Equal Rights Amendment, Const. Art. 1 Section 28, we believe the statute must now be read in light of that amendment. Additionally, the Statutory Construction Act, 1 Pa.C.S.A. §1902, undermines any argument defendant may propose with regard to the masculine pronouns employed in Section 3122. Section 1902 states: . . . "Words used in the masculine gender shall include the feminine and neuter."

Next, defendant asserts that the mere definition of intercourse requires penetration, 18 Pa.C.S.A. §3101, and is, therefore, a physical act which cannot be committed by a female. On this count, we agree entirely with a Texas decision, Ex parte Groves, 571 S.W. 2d 888, 1978, where the court stated:

"Moreover, although the male sex organ must penetrate the female sex organ in order for sexual intercourse to occur, such penetration may be initiated and that result caused by action of the female as well as the male": 571 S.W. 2d at 892-893.

We conclude, therefore, that females can be charged with the offense of statutory rape and dismiss defendant's motion.