**Office of the Attorney General**
**State of Texas**



DAN MORALES
ATTORNEY GENERAL

July 29, 1996

The Honorable Robert Junell
Chair, Committee on Appropriations
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. DM-404

Re:   Whether the Texas Commission on Jail Standards has jurisdiction over a prison housing only federal inmates    (RQ-883)

Dear Representative Junell:

The United States Attorney General has sole authority to control and manage a federal penal and correctional institution. Under her direction, the federal Bureau of Prisons manages and regulates all federal penal and correctional institutions. You refer to the Eden Detention Center, a penal and correctional institution, that houses only federal prisoners and that the City of Eden leases and operates pursuant to a contract with the federal government. You ask whether the Texas Commission on Jail Standards may regulate and inspect the Eden Detention Center. Because federal law vests in the United States Attorney General and the federal Bureau of Prisons sole authority to control, manage, and regulate federal penal and correctional institutions, we conclude the Texas Commission on Jail Standards has no jurisdiction over the Eden Detention Center.

You state that in 1985 the City of Eden executed an intergovernmental agreement with the federal Bureau of Prisons, whereby the city agreed to provide custody, care, treatment, and subsistence of federal prisoners.[1] In accordance with the agreement, the city leased the Eden Detention Center, which currently is owned by a nonprofit corporation organized under the Texas Non-Profit Corporation Act.[2] A corporation specializing in prison management manages the Eden Detention Center.[3]

You aver that the Eden Detention Center has housed only federal inmates and detainees:

> With the exception of a few months' period of non-occupancy of [the detention center] caused by a fire, the City has continuously housed

---

[1]We assume that the agreement you describe between the City of Eden and the federal Bureau of Prisons is still effective. We do not address in this opinion the status of the Eden Detention Center if the agreement is terminated or not renewed.

[2]V.T.C.S. art. 1396-1.01 through -11.01. The nonprofit organization that owns the Eden Detention Center is the Eden Correctional Facilities Corporation.

[3]You do not ask, and thus we do not consider, whether the city had authority to contract with the federal Bureau of Prisons, the nonprofit corporation that owns the facility, or the management corporation.

> federal inmates at [the detention center] under the [intergovernmental
> agreement]. The only other persons incarcerated at [the detention
> center] since October 1985 have been federal inmates/detainees
> placed in [the center] under an intergovernmental services agreement
> with [the Immigration and Naturalization Service]. [The detention
> center] is not and has never been used as a municipal jail or detention
> facility. It has never been used to house inmates or detainees of the
> City, of the State of Texas[,] or any of its political subdivisions.

Furthermore, you state that the federal Bureau of Prisons has, since the Eden Detention Center opened in 1985, monitored, inspected, and overseen the detention center's operations.

You indicate that the Texas Commission on Jail Standards (the "commission") believes it may monitor and regulate the Eden Detention Center. As we understand the commission's argument, it believes Local Government Code chapter 361 requires the .commission's involvement. Local Government Code section 361.061 authorizes the governing body of a municipality to contract with a private vendor to operate or manage a jail or detention center. Nevertheless, the contract must require the private vendor to comply with the commission's minimum standards and to be certified by the commission.[4] The commission evidently construes chapter 361 to apply to a penal and correctional facility that a private vendor operates for a municipality but that houses federal prisoners exclusively. You ask four specific questions about the commission's authority to monitor and regulate the Eden Detention Center. Because we determine that the commission has no authority to monitor and regulate the Eden Detention Center, we need not answer your specific questions.

We derive our answer from federal law. Under 18 U.S.C. § 4001, the United States Attorney General has sole authority to control and manage a federal penal and correctional institution. Under the Attorney General's direction, the federal Bureau of Prisons has charge of the management and regulation of all federal penal and correctional institutions.[5] Federal law fixes the duty of care the Bureau of Prisons owes to federal prisoners, and that law prevails over an inconsistent state law.[6]

The Attorney General may contract with a political subdivision of a state for the imprisonment or care of United States prisoners.[7] We assume that, pursuant to this statutory authority, the federal government contracted with the City of Eden to house fed-

---

[4]Local Gov't Code § 361.062(1).

[5]18 U.S.C. § 4042(1); *see also* 28 C.F.R. part 0, subpart Q.

[6]*United States v. Muniz*, 374 U.S. 150, 164-65 (1963); *see also* U.S. CONST. art. VI.

[7]18 U.S.C. § 4003; *see also* 28 C.F.R. § 0.96(v).

eral inmates. Because the Eden Detention Center houses solely federal inmates,[8] it is a federal penal and correctional institution[9] subject only to the United States Attorney General and, at her direction, to the federal Bureau of Prisons. The commission thus has no jurisdiction over the Eden Detention Center.

Incidentally, we do not believe the legislature ever contemplated that the commission would assume jurisdiction over federal penal and correctional institutions. Government Code section 511.009(a) requires the commission to adopt minimum standards for the operation of county jails and for the treatment of inmates in the county jails. While county jails is not defined to exclude an institution housing only federal prisoners and detainees,[10] we believe the legislature intended to so limit the definition. In addition, Local Government Code section 361.061 authorizes a municipality to contract with a private vendor to operate a jail or detention center, but the private vendor must operate the facility in compliance with standards adopted by the commission.[11] While we find nothing that defines the terms "jail" or "detention center" for purposes of Local Government Code chapter 361, we again believe the legislature intended to limit these terms to exclude an institution housing only federal prisoners and detainees. Indeed, to construe either of these statutes as applicable to a federal penal and correctional institution, thereby subjecting the institution to the commission's jurisdiction, would be inconsistent with the United States Attorney General's and the Bureau of Prison's exclusive authority. The statutes thus would violate the supremacy clause of the United States Constitution,[12] which requires inconsistent state laws to yield to valid federal laws and regulations.[13] We must presume, however, that the legislature intends its enactments to be constitutional.[14]

Finally, we must distinguish our conclusion and Attorney General Opinion JM-1260, in which we concluded that minimum standards adopted by the commission apply to a municipal jail operated by a private vendor under Local Government Code chapter 361.[15] The requestor in that instance was not concerned with penal and correctional institutions located in the state housing only federal prisoners, in accordance with a contract

---

[8]We assume your assertion is correct.

[9]*Cf.* Attorney General Opinion MW-328 (1981) at 1.

[10]Government Code section 511.001(2) defines "county jail" as "a facility operated by or for a county for the confinement of persons accused or convicted of an offense."

[11]Local Gov't Code § 361.062(1).

[12]UNITED STATES CONST. art. VI, cl. 2.

[13]*See* Attorney General Opinion JM-1269 (1990) at 6 (citing *Fidelity Fed. Sav. & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 152 (1982); *Seiter v. Veytia*, 756 S.W.2d 303 (Tex. 1988)).

[14]*Ex parte Groves*, 571 S.W.2d 888, 893 (Ct. Crim. App. 1978) (en banc).

[15]Attorney General Opinion JM-1260 (1990) at 5.

between a municipality and the federal government. Because it is distinguishable, Attorney General Opinion JM-1260 is irrelevant to your question.

## S U M M A R Y

The Texas Commission on Jail Standards has no authority to regulate or inspect a penal and correctional institution housing only federal prisoners and detainees.

The terms "county jail" in Government Code chapter 511 and "jail" and "detention center" in Local Government Code chapter 361 do not include a penal and correctional institution housing only federal prisoners and detainees.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General