**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 02-50193

BOBBY WAYNE WOODS,

Petioner-Appellant,

VERSUS

JANIE COCKRELL, Director,
Texas Department of Criminal Justice,
Institutional Division,

Respondent-Appellee.

Appeal from the United States District Court
For the Western District of Texas, Austin Division

A-01-CV-50-SS

February 24, 2003

Before BARKSDALE, DeMOSS and DENNIS, Circuit Judges.

PER CURIAM:[*]

Appellant, Bobby Wayne Woods ("Woods") is a Texas state death penalty inmate. Woods is appealing the decision of the United States District Court for the Western District of Texas, Austin

---

[*] Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

1

Division, denying his petition for federal habeas relief. A certificate of appealability has been granted by the district court on the one issue Woods is now appealing.

## BACKGROUND

We have already outlined the facts concerning Woods' crime, trial, conviction, and sentencing in an earlier opinion. *Woods v. Cockrell*, 307 F.3d 353 (5th Cir. 2002). Briefly, the procedural history is as follows.

Woods was arrested and charged with, *inter alia*, capital murder and was indicted on June 4, 1997. He was found guilty by a jury on May 21, 1998. Following a punishment hearing, the jury returned affirmative answers on May 28, 1998, on the issues relating to Woods' future dangerousness and intent to commit murder, and a negative answer on the existence of mitigating circumstances to justify a life sentence. The trial court then sentenced Woods to death.

Woods appealed the conviction and sentence to the Texas Court of Criminal Appeals, and concurrently filed a state application for writ of habeas corpus. The Court of Criminal Appeals affirmed Woods' conviction and sentence in an unpublished opinion. *Woods v. State*, No. 73,136 (Tex. Crim. App. June 14, 2000). His motion for rehearing was denied and the court entered a mandate on September 13, 2000. The Court of Criminal Appeals also denied Woods' habeas petition in an unpublished opinion based on the findings of the

2

trial court.  *Ex parte Woods*, No. 44,856-01 (Tex. Crim. App. Sept. 13, 2000).  The United States Supreme Court denied *certiorari* on February 21, 2001.  *Woods v. Texas*, 531 U.S. 1155 (2001).  Woods petitioned for federal habeas relief in the United States District Court for the Northern District of Texas on December 11, 2000.  That court transferred the case to the Western District of Texas, which entered its ruling on summary judgment on February 8, 2002, denying Woods' claim for habeas corpus relief.  The district court found Woods' challenge to the admissibility of his confession procedurally barred because Woods had defaulted the claim in the Texas courts.

On April 16, 2002, however, the district court granted a certificate of appealability ("COA") as to whether, in light of *Lee v. Kemna*, 534 U.S. 362 (2002), the Texas procedural bar to Woods' challenge to the admissibility of his confession should not prevent federal habeas review.  The district court expressed its view that Woods' contentions were not persuasive and that *Lee* does not apply but nonetheless on this issue, but not on any other issues which Woods was attempting to appeal, the court granted a COA.

Pursuant to 28 U.S.C. § 2253(c), which provides that a prisoner may not appeal the denial of a petition for habeas corpus under § 2254 without first obtaining a COA, Woods sought a COA on several other issues from this Court in a petition filed on April 25, 2002.  Woods was denied any additional COA in an opinion issued

on September 24, 2002. *Woods*, 307 F.3d at 353.

Accordingly, the issue now before us is whether the district court was correct in finding that a state court's conclusion that Woods had procedurally defaulted his claim when he failed to raise it during direct appeal of his conviction involved the application of an adequate and independent state procedural rule to foreclose substantive federal relief. Of course, if the state procedural default does not bar federal relief, then, pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[1] this court must determine whether the state court's alternative conclusion that Woods had failed to demonstrate constitutional error involved an unreasonable application of Supreme Court precedent or an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

## DISCUSSION

### *Whether the District Court Correctly Concluded that Woods' Complaint Was Barred from Review in Federal Court Because the Texas Courts Had Rejected the Claim Based on an Adequate and Independent State Procedural Ground.*

Federal courts are precluded from reviewing a question of federal law "if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729

---

[1] AEDPA applies in this case because Woods filed his federal petition after the statute's enactment. *See* *Lindh v. Murphy*, 521 U.S. 320, 335 (1997).

4

(1991).  "This rule applies whether the state law ground is substantive or procedural."  *Coleman*, 501 U.S. at 729.  To satisfy the "independent" and "adequate requirements," the state decision must "clearly and expressly" indicate that it rests on state grounds which bar relief, and the bar must be strictly or regularly followed by state courts, and applied to the majority of similar claims.  *Amos v. Scott*, 61 F.3d 333, 338-39 (5th Cir. 1995).  "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  *Coleman*, 501 U.S. at 750.

There is no dispute that the state court's decision was clearly and expressly based on the Texas requirement that a defendant raise a claim on direct appeal or risk defaulting the claim on collateral review, absent a showing of discovery of new evidence not available on direct review, nor is there a dispute that this Texas rule is strictly and regularly enforced.  *See Soria v. Johnson*, 207 F.3d 232, 249 (5th Cir. 2000) (holding that a Sixth Amendment fair cross-section claim defaulted in state court was foreclosed from federal review absent a showing of cause and

prejudice).

The reason the district court granted COA was because Woods claims that the Supreme Court case of **Lee v. Kemna**, 534 U.S. 362 (2002), controls this case and dictates that the Texas procedural bar does not prevent federal review of his claim. Without explanation, Woods cites **Lee** and suggests "that not all state procedural bars preclude federal review of a claim." **Appellant's Brief** at 15-16. Although, this is correct, his understanding and application of **Lee** are incorrect.

In **Lee**, the Supreme Court clarified the meaning of "adequate" for purposes of the "independent and adequate state ground" doctrine. **Id**. at 375-78. The Court explained that, "[o]rdinarily, violation of firmly established and regularly followed state rules . . . will be adequate to foreclose review of a federal claim. There are, however, exceptional cases in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." **Id**. at 376 (internal quotations and citations omitted).

In **Lee**, the Supreme Court had to decide whether a Missouri procedural rule was an adequate ground to prevent federal review of a habeas petition. **Id**. at 365. Lee had alleged that he was denied due process of law when the state trial court refused to grant his oral motion for an overnight continuance to locate subpoenaed key witnesses that had been present but were suddenly missing. **Id**. At

6

the time of trial, neither the court nor the prosecutor identified any procedural flaw in Lee's motion for continuance. *Id*. at 365-66. In fact, when it denied the motion, the trial court appeared to decide the issue on its merits. *Id*. The Missouri Court of Appeals, however, concluded that Lee's motion for continuance did not comply with certain procedural rules requiring such motions to be in writing and accompanied by an affidavit, and therefore declined to reach the merits of Lee's constitutional claim. *Id*. at 366. When Lee sought federal habeas relief both the district court and court of appeals found the state procedural bar to be adequate to prevent federal review. *Id*. at 374. The Supreme Court reversed, stating that Lee, "having substantially, if imperfectly, made the basic showings [] prescribe[d]" by the Missouri rules, "qualifie[d] for adjudication of his federal ... claim." *Id*. at 366. The Court found that Lee's case fell "within the small category of cases in which asserted state grounds are inadequate to block adjudication of a federal claim" for three reasons. *Id*. at 381. First, when the trial court ruled on Lee's motion, it made its ruling despite any procedural problems and Lee could not have affected the ruling by complying with the rules. *Id*. Second, no published state decision, in a similar case, required flawless compliance with the procedural rules. *Id*. at 382. Third, Lee substantially complied with the rule in such a way as to fulfill the underlying rationale for the rule. *Id*. at 382-83.

7

In the present case, there are no similarities to *Lee*. The state court found that Woods had procedurally defaulted his claim when he failed to raise it during direct appeal. There is nothing "exceptional" about this case and there was no "exorbitant" application of a state rule. Rather, the rule as applied in Woods' case serves its purpose of ensuring cases reach finality and ensuring that habeas review is not to be used to litigate matters which should have been raised on direct appeal. *Ex parte Gardner*, 959 S.W.2d 189, 199 (Tex. Crim. App. 1996). Because the rule is well established, Woods had notice of the rule and the consequences of not complying with the rule. Additionally, Woods did not "substantially meet" the "essential requirements" of the rule. Therefore, his case is not among the "small category" of cases governed by *Lee* and there can be no federal review of Woods' claim.

In his brief, Woods makes essentially two other arguments to support his claim that the district court erred by holding his challenge to the admissibility of his confession was foreclosed from federal review based on the Texas court's invocation of a state procedural bar. These arguments are without merit. First, Woods argues that he exhausted his constitutional arguments during the state collateral review. This is irrelevant because Woods did not raise his challenge to the admissibility of his statements on direct review and therefore was correctly barred by Texas law from asserting the claim on collateral review. *Gardner*, 959 S.W.2d at

8

199 (stating "writ of habeas corpus should not be used to litigate matters which should have been raised on direct appeal"); *Ex parte Groves*, 571 S.W.2d 888, 890 (Tex. Crim. App. 1978) (stating that "habeas corpus shall not lie as a substitute for appeal").

Second, Woods argues even if his claim is defaulted, he is excused by demonstrating both (1) cause and prejudice, and (2) a fundamental miscarriage of justice. Woods, however, attempts to argue cause by claiming his counsel was ineffective, and, although an independent constitutional claim may provide cause, his claim has never been argued to the state court and is therefore also procedurally defaulted. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). Further, Woods has failed to show prejudice, in that the claimed violation "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). Similarly, Woods' argument that there is a fundamental miscarriage of justice in applying the procedural bar is not applicable in this case because he failed to make a "persuasive showing that he is actually innocent of the charges against him." *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001)(citing *Coleman*, 501 U.S. at 750).

Because we find *Lee* inapplicable and because Woods has not shown that he has not defaulted his claim or should be excused from the default, we affirm the district court's grant of summary

9

judgment denying federal relief and it is therefore unnecessary to proceed with an AEDPA analysis.

## CONCLUSION

The decision of the district court denying Woods federal habeas relief is affirmed. **AFFIRMED**.