IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,146-01






EX PARTE STEPHANIE L. PEARSON SHOELS









ON MOTION FOR LEAVE TO FILE APPLICATION FOR WRIT OF HABEAS
CORPUS, AND APPLICATION FOR WRIT OF HABEAS CORPUS FROM
CAUSE NO. C-173.776-DCV

IN THE 317TH DISTRICT COURT

JEFFERSON COUNTY




 Per Curiam. Meyers, J., would file and set. 


O R D E R



 We have before us a motion for leave to file an application for writ of habeas
corpus, and an application for writ of habeas corpus.

 Applicant alleges that she is currently being held in the Jefferson County Jail for
contempt of court arising from violations of a divorce decree and failure to appear at a
court-ordered compliance hearing. 

 This Court has the power to issue the writ of habeas corpus "[s]ubject to such
regulations as may be prescribed by law." Tex. Const. art. V, § 5(c). However, this Court
will not "entertain an application for writ of habeas corpus where there is an adequate
remedy at law." Ex parte Groves, 571 S.W.2d 888, 890 (Tex. Crim. App. 1978). The
Texas Supreme Court also has power to issue the writ of habeas corpus "as may be
prescribed by law, and under such regulations as may be prescribed by law." Tex. Const.
art. V, § 3(a). The Government Code grants power to the court of appeals and the Texas
Supreme Court to issue a writ of habeas corpus when it appears that a person's liberty is
restrained for violating "an order, judgment, or decree previously made, rendered, or
entered by the court or judge" in civil cases. Tex. Gov't. Code §§ 22.002(e), 22.221(d).

 Applicant is restrained due to alleged violations of such an order, judgment, or
decree previously made by a court or judge in a civil case. Therefore, applicant is denied
leave to file in this Court without prejudice to pursue her remedies in other appropriate
courts.

 IT IS SO ORDERED THIS THE 15TH DAY OF JULY, 2011.

Do Not Publish