IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,189-01






EX PARTE ANTHONY ALLEN HAYES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM KLEBERG COUNTY






 Johnson, J., filed a concurring statement in which Price, Hervey, and
Cochran, JJ., joined.

 


C O N C U R R I N G S T A T E M E N T



 Hayes has filed an application for a writ of habeas corpus pursuant to this Court's original
jurisdiction. Texas Constitution article V, § 5; Tex. Code Crim. Proc. art. 4.04, § 1. He complains
that he is being held in the Kleberg County jail pending extradition to Virginia pursuant to a fugitive
warrant and that he has been held there without bail for more that 90 days. He contends that his
continued detention violates Tex. Code Crim. Proc. art. 51.07.

 Article 51.07 states that, if a fugitive is not arrested under a governor's warrant before the
expiration of 90 days, bail shall be discharged. If, in fact, what Hayes asserts is true, he might be
entitled to release. However, an original habeas corpus application to this Court is not the proper
avenue for seeking relief; to obtain such relief, Hayes must establish that no other adequate remedy
at law is available to him. Ex Parte Groves, 571 S.W.2d 888, 890 (Tex. Crim. App. 1978).

 The Texas Constitution "grants Texas district courts plenary power to grant writs of habeas
corpus." Texas Constitution art. V, § 8; Ex parte Hargett, 819 S.W.2d 866, 867 n.1 (Tex. Crim. App.
1991). Hayes's remedy at law is to file an application for a writ of habeas corpus in the district court
and appeal any adverse ruling. He alleges that he has filed such an application, but that the district
court has not ruled on it. Assuming that to be true, he must obtain a ruling and, if necessary, appeal
that ruling. If the district court does not rule or refuses to rule, Hayes may then file an application
for a writ of mandamus in the court of appeals and petition that court to order the district court to
rule on his properly filed application for a writ of habeas corpus. Once he has a ruling, he may
appeal it if he so chooses. If the court of appeals denies relief on his application for a writ of
mandamus, he may file an application for a writ of mandamus in this Court.

 Because Hayes has an adequate remedy at law, however slow and ponderous, I concur in the
denial of relief pursuant to this Court's original habeas corpus jurisdiction.


Filed: March 7, 2012

Do not publish