IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-79,581-01




EX PARTE JAMES ANTHONY MILLER, Applicant




ON APPLICATION FOR AN ORIGINAL 
WRIT OF HABEAS CORPUS



           Alcala, J., filed a concurring statement.

CONCURRING STATEMENT
            I join this Court’s order denying James Anthony Miller, applicant, leave to file an
original writ of habeas corpus. I write separately to explain that applicant’s filing is
premature because the mandate had not yet issued from the Ninth Court of Appeals at the
time that he filed his application, and applicant has adequate remedies at law to enforce the
mandate.Applicant was civilly committed as a sexually violent predator under Chapter 841 of
the Texas Health and Safety Code. Tex. Health & Safety Code §§ 841.003, 841.081. As
a result, applicant was required to comply with numerous conditions, including GPS
monitoring and relocation to housing supervised by the Council on Sex Offender Treatment.
Id. at § 841.082. Applicant alleges that the Ninth Court of Appeals overturned his order of
civil commitment in July 2012, and the Texas Supreme Court denied review on May 3, 2013.
See In re Commitment of Miller, No. 09-11-00450-CV, 2012 Tex. App. LEXIS 6000 (Tex.
App. —Beaumont 2012, pet. denied); In re Commitment of Miller, No. 12-0679, 2013 Tex.
LEXIS 364 (Tex. May 3, 2013). Applicant alleges that, despite the above rulings, the State
is refusing to release him from the conditions of his commitment.
           A trial court is not bound by a ruling from an appellate court until the appellate
mandate issues. In this case, applicant filed this writ application on May 20, 2013, but the
mandate from the court of appeals was not set to issue until June 13, 2013. Because applicant
filed it before the mandate issued, this application for a writ of habeas corpus is premature. 
           When the trial court clerk receives the mandate, the appellate court’s judgment must
be enforced. Tex. R. App. P. 51.1. The mandate is the formal command from an appellate
court commanding the lower court to comply with the appellate court’s judgment. Texas
Parks & Wildlife Dept. v. Dearing, 240 S.W.3d 330, 347 (Tex. App.—Austin 2007, pet.
denied).
           Because the mandate had not yet issued at the time of his filing, applicant’s filing was
premature. After the court of appeals’s mandate has issued, if the trial court does not comply,
then applicant has adequate remedies at law that must be pursued before on original writ
would be available to him. See Ex parte Groves, 571 S.W.2d 888, 890 (Tex. Crim. App.
1978). For example, applicant could file a petition for a writ of mandamus in the court of
appeals against a trial court judge who is refusing to comply with the appellate court’s
mandate. Other actions may be necessary, depending on the entity that is refusing to comply
with the appellate court’s mandate.
           With these comments, I concur in the Court’s order denying applicant leave to file an
original writ of habeas corpus.
                                                                                        Alcala, J.
Filed: June 26, 2013
Do Not Publish