FILED IN
COURT OF CRIMINAL APPEALS

October 22, 2015

ABEL ACOSTA, CLERK

PD-1067-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/21/2015 8:53:27 PM
Accepted 10/22/2015 8:10:22 AM
ABEL ACOSTA
CLERK

No. PD-1067-15

TO THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS

Ex parte James Richard "Rick" Perry

Appeal from Travis County

\*   \*   \*   \*   \*

STATE'S BRIEF ON THE MERITS OF APPELLANT'S
PETITION FOR DISCRETIONARY REVIEW

\*   \*   \*   \*   \*

LISA C. McMINN
State Prosecuting Attorney
Bar I.D. No. 13803300

P.O. Box 13046
Austin, Texas 78711
information@spa.texas.gov
512/463-1660 (Telephone)
512/463-5724 (Fax)

**TABLE OF CONTENTS**

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ISSUES PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**1) "Whether the Third Court of Appeals erred by holding that all nine of Governor Perry's constitutional challenges to Count I were 'as applied' challenges to the abuse of official capacity statute and therefore not cognizable in a pretrial application for writ of habeas corpus?"**

**2) "Whether the Third Court of Appeals erred by holding that Governor Perry's challenges to Count I based upon Article II, Section I of the Texas Constitution — separation of powers — were 'as applied' challenges to the abuse of official capacity statute and therefore not cognizable in a pretrial application for writ of habeas corpus?"**

**3) "Whether the Third Court of Appeals erred by holding that Governor Perry's challenges to Count I based upon Article III, Section 21 of the Texas Constitution — Speech and Debate Clause and common law legislative immunity — were 'as applied' challenges to the abuse of official capacity statute and therefore not cognizable in a pretrial application for writ of habeas corpus?"**

**4) "Whether, even if all of Governor Perry's constitutional challenges to Count I were in fact 'as applied' challenges, the Third Court of Appeals erred in failing to recognize that the same rationale that requires 'exceptions' for other 'as applied' challenges — specifically prosecutions that would constitute double jeopardy or would be barred by limitations — should apply, with even greater force, to a prosecution based solely on a defendant's exercise of conduct protected by the Speech and Debate Clause and the Separation of Powers provisions of the Texas Constitution and the common law doctrine of legislative immunity?"**

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

## IDENTITY OF THE PARTIES

Appellant: **James Richard "Rick" Perry**.

Appellee: **The State of Texas**.

Trial Judge: **Hon. Bert Richardson**.

Counsel for Appellant:  **Anthony G. Buzbee**, JPMorgan Chase Tower, 600 Travis Street, Suite 7300, Houston, Texas 77002; **Thomas R. Phillips**, 98 San Jacinto Blvd., Suite 1500, Austin, Texas 78701; and **David L. Botsford**, 1307 West Avenue, Austin, Texas, 78701.

Counsel for the State: Attorney Pro Tem **Michael McCrum**, 700 N. Saint Mary's Street, Suite 1900, San Antonio, Texas 78205; Assistant Attorney Pro Tem **David Gonzalez**, 206 East 9th Street, Suite 1511, Austin, Texas, 78701; and **Lisa C. McMinn**, State Prosecuting Attorney, P.O. Box 13046, Capitol Station, Austin, Texas 78711.

# INDEX OF AUTHORITIES

**Constitutions**

U.S. Const. Art. I, § 6, Cl. 1. . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Tex. Const. Art. III, § 21. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 14n

Tex. Const. Art. IV, § 14. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Tex. Const. Art. V, § 12(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . 6n

**Cases**

*Abney v. United States,* 431 U.S. 651 (1977). . . . . . . . . . . . . . . . . . . . . . . 6n, 7n

*Baker v. Carr*, 369 U.S. 186 (1962). . . . . . . . . . . . . . . . . . . . . . . . . . 20, 21

*Ex parte Boetscher*, 812 S.W.2d 600 (Tex. Crim. App. 1991). . . . . . . . . . . . . . 8n

*Bogan v. Scott-Harris*, 523 U.S. 44 (1998). . . . . . . . . . . . . . . . . . . . . . . 15

*United States v. Brewster*, 408 U.S. 501 (1972). . . . . . . . . . . . . . . . . . 9, 11, 12, 18

*Ex parte Castillo*, __ S.W.3d __, No. PD-0545-14 (Tex. Crim. App. 2015). . . . . 13

*Davison v. State*, 405 S.W.3d 682 (Tex. Crim. App. 2013). . . . . . . . . . . . . . . 18

*Ex parte Doster*, 303 S.W.3d 720 (Tex. Crim. App. 2010). . . . . . . . . . . . . 5, 7n, 13

*Edwards v. United States*, 286 U.S. 482 (1932). . . . . . . . . . . . . . . . . . . . . 16n

*Ex parte Ellis*, 309 S.W.3d 71 (Tex. Crim. App. 2010). . . . . . . . . . . . . . . . 5, 7, 8n

*Fulmore v. Lane*, 140 S.W.405 (Tex. 1911). . . . . . . . . . . . . . . . . . . . . . . 15

*Ex parte Gill*, 413 S.W.3d 424 (Tex. Crim. App. 2013). . . . . . . . . . . . . . 6, 8n, 20n

*Gravel v. United States,* 408 U.S. 606 (1972).. . . . . . . . . . . . . . . . . . . . . . 11, 16

*Ex parte Groves*, 571 S.W.2d 888 (Tex. Crim. App. 1978). . . . . . . . . . . . . . . . . 4

*Ex parte Heilman*, 456 S.W.3d 159 (Tex. Crim. App. 2015). . . . . . . . . . . . . . . 6n

*Helstoski v. Meanor*, 442 U.S. 500 (1979). . . . . . . . . . . . . . . . . . . . . . 13n, 20

*United States v. Helstoski*, 443 U.S. 477 (1979).. . . . . . . . . . . . . . . . . . . . . . 17

*Hutchinson v. Proxmire*, 443 U.S. 111 (1979). . . . . . . . . . . . . . . . . . . . . 12, 18n

*Imbler v. Pachtman*, 424 U.S. 409 (1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*United States v. Johnson*, 383 U.S. 169 (1966). . . . . . . . . . . . . . . . . . . . . . . . 11

*Karenev v. State*, 281 S.W.3d 428 (Tex. Crim. App. 2009). . . . . . . . . . . . . . . . 6n

*Ex parte Lo*, 424 S.W.3d 10 (Tex. Crim. App. 2014).. . . . . . . . . . . . . . . . . . . 19n

*State ex rel. Lykos v. Fine*, 330 S.W.3d 904 (Tex. Crim. App. 2011). . . . . . . 6, 7, 8

*Meschell v. State*, 739 S.W.2d 246 (1987). . . . . . . . . . . . . . . . . . . . . . . . . . . 20n

*Mutscher v. State*, 514 S.W.2d 905 (Tex. Crim. App. 1974). . . . . . . . . . . . . . 9, 10

*Nix v. State*, 65 S.W.3d 664 (Tex. Crim. App. 2001). . . . . . . . . . . . . . . . . . . . 6n

*Perraza v. State*, __S.W.3d __,
    No. PD-0100-15 & 0101-15 (Tex. Crim. App. 2015). . . . . . . . . . . . . . 19n

*Ex parte Perry*, __S.W.3d__,
    No. 03-15-00063-CR (Tex. App.–Austin 2015).. . . . . . . . . . . . . . . . . 1-2

*Pickle v. McCall*, 24 S.W. 265 (Tex. 1893). . . . . . . . . . . . . . . . . . . . . . . . . . 16

*State v. Rhine*, 297 S.W.3d 301 (Tex. Crim. App. 2009). . . . . . . . . . . . . . . . . 20n

*Ex parte Robinson*, 641 S.W.2d 552 (Tex. Crim. App. 1982). . . . . . . . . . . . . . . 6n

*Tenney v. Brandhove,* 341 U.S. 367 (1951). . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Ex parte Weise*, 55 S.W.3d 617 (Tex. Crim. App. 2001). . . . . . . . . . . . . . . . . . 6n

*State v. Yount*, 853 S.W.2d 8 (Tex. Crim. App. 1993). . . . . . . . . . . . . . . . . . . . 6n

**Codes and Rules**

TEX. CODE CRIM. PROC. art. 17.151. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8n

**Secondary Sources**

Interpretive Commentary to Art. 4, § 14 (Vernon 1997). . . . . . . . . . . . . . . . . . . .

43 DIX & SCHMOLESKY, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 35:16 at 277 (3rd ed. 2011).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

No. PD-1067-15

TO THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS

Ex parte James Richard "Rick" Perry

\* \* \* \* \*

**STATE'S BRIEF ON THE MERITS OF APPELLANT'S
PETITION FOR DISCRETIONARY REVIEW**

\* \* \* \* \*

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

The State Prosecuting Attorney respectfully presents her Brief on the Merits

of Appellant's Petition for Discretionary review.

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument was granted at the State's request.

## STATEMENT OF THE CASE

Appellant was charged in a two-count indictment with abuse of official

capacity (Count I) and coercion of a public servant (Count II). Appellant filed a

pretrial application for writ of habeas corpus seeking to dismiss both counts. The trial

court denied relief, and Appellant appealed. On July 25, 2015, the Third Court of

Appeals affirmed the trial court's ruling as to Count I and reversed as to Count II. *Ex*

1

*parte Perry*, __S.W.3d__, No. 03-15-00063-CR (Tex. App.–Austin 2015).

This Court granted both Appellant's and the State's petitions for discretionary review on October 7, 2015, and ordered expedited briefing and oral argument. The deadline for filing the parties' briefs is October 21, 2015.

## ISSUES PRESENTED

**1) "Whether the Third Court of Appeals erred by holding that all nine of Governor Perry's constitutional challenges to Count I were 'as applied' challenges to the abuse of official capacity statute and therefore not cognizable in a pretrial application for writ of habeas corpus?"**

**2) "Whether the Third Court of Appeals erred by holding that Governor Perry's challenges to Count I based upon Article II, Section I of the Texas Constitution — separation of powers — were 'as applied' challenges to the abuse of official capacity statute and therefore not cognizable in a pretrial application for writ of habeas corpus?"**

**3) "Whether the Third Court of Appeals erred by holding that Governor Perry's challenges to Count I based upon Article III, Section 21 of the Texas Constitution — Speech and Debate Clause and common law legislative immunity — were 'as applied' challenges to the abuse of official capacity statute and therefore not cognizable in a pretrial application for writ of habeas corpus?"**

**4) "Whether, even if all of Governor Perry's constitutional challenges to Count I were in fact 'as applied' challenges, the Third Court of Appeals erred in failing to recognize that the same rationale that requires 'exceptions' for other 'as applied' challenges — specifically prosecutions that would constitute double jeopardy or would be barred by limitations — should apply, with even greater force, to a prosecution based solely on a defendant's exercise of conduct protected by the Speech and Debate Clause and the Separation of Powers provisions of the Texas Constitution and the common law doctrine of legislative immunity?"**

2

## STATEMENT OF FACTS

Appellant was charged with abuse of official capacity in Count I of the indictment, which alleges:

> On or about June 14, 2013 in the County of Travis, Texas, James Richard "Rick" Perry, with intent to harm another, to-wit, Rosemary Lehmberg and the Public Integrity Unit of the Travis County District Attorney's Office, intentionally or knowingly misused government property by dealing with such property contrary to an agreement under which defendant held such property or contrary to the oath of office he took as a public servant, such government property being monies having a value of in excess of $200,000 which were approved and authorized by the Legislature of the State of Texas to fund the continued operation of the Public Integrity Unit of the Travis County District Attorney's Office, and which had come into the defendant's custody or possession by virtue of the defendant's office as a public servant, namely, Governor of the State of Texas.

Appellant filed a pretrial application for a writ of habeas corpus claiming, *inter alia*, that the statute is unconstitutional as applied to him under the Separation of Powers Clause of the Texas Constitution, the Speech or Debate Clause of the Texas Constitution, and the common law doctrine of legislative immunity. The trial court ruled that these claims were "as applied" challenges to the constitutionality of the statute and, as such, were not cognizable in a pretrial habeas corpus proceeding.

## SUMMARY OF THE ARGUMENT

Any constitutional challenge to a penal statute that relies on the specific factual allegations in the charging instrument or requires the development of facts in the trial

3

court is an "as applied" challenge that cannot be raised in a pretrial application for writ of habeas corpus.

A Texas governor cannot legitimately claim the protections of the Speech or Debate Clause because he is not a member of the legislature or the alter ego of a member. His signature is not required for a bill to become law. The veto itself, though part of the legislative process, is not an actual legislative function because it cannot be exercised by a legislator. A threat to veto is even further removed; it concerns a hypothetical future act and not a prior vote, statement, or act. Common law legislative immunity protects against civil proceedings and does not bar criminal prosecution. Neither the constitutional separation of powers doctrine nor the political question theory of nonjusticiability creates a right not to stand trial or shields a member of the executive or legislative branch from criminal prosecution.

## ARGUMENT

**Pretrial cognizability of "as-applied" constitutional challenges to statutes**

"Habeas corpus is an extraordinary remedy; and, ordinarily, neither a trial court nor this Court, either in the exercise of [its] original or appellate jurisdiction, should entertain an application for writ of habeas corpus where there is an adequate remedy at law." *Ex parte Groves*, 571 S.W.2d 888, 890 (Tex. Crim. App. 1978). Thus,

4

"appellate courts have been careful to ensure that a pretrial writ is not misused." *Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010).

"Cognizability" is a court-made doctrine that limits the availability of remedies in an extraordinary proceeding. This Court often speaks of cognizability as a limit on pretrial appellate review, *See*, *e.g.*, *Ex parte Doster*, 303 S.W.3d 720, 724 (Tex. Crim. App. 2010), but cognizability is also a question of what issues may be heard in the trial court and when they should be heard. Thus, this Court has held, that "pretrial habeas is unavailable when the resolution of a claim may be aided by the development of a record at trial." *Ex parte Doster*, 303 S.W.3d at 724.[1]

When addressing pretrial cognizability and the availability of extraordinary remedies, this Court must balance a defendant's interest in having the issue determined before trial versus the State's interest in avoiding piecemeal litigation, which not only delays the prosecution, but also requires the development of evidence, resulting in a type of unjustifiable minitrial.

---

[1]*See also* 43 DIX & SCHMOLESKY, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 35:16 at 277 (3rd ed. 2011) ("The more extensive pretrial fact-finding that must occur, and the greater the complexity and difficulty of that fact finding, the less likely a matter is to be cognizable in pretrial habeas corpus. ... Matters that will frequently require extensive factual inquiry likely to overlap that necessary to resolve guilt or innocence, then, are less likely to be found appropriate for pretrial habeas than others that generally present only simply matters for judicial resolution.").

This Court has allowed pretrial habeas corpus claims for double jeopardy,[2] pretrial bail,[3] and the facial unconstitutionality of a statute, which "considers the statute only as it is written, rather than how it operates in practice." *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 908 (Tex. Crim. App. 2011). These types of claims are deemed cognizable pretrial because they either challenge the trial court's "power to proceed" (facial constitutionality, statute of limitations),[4] involve a right that is "significantly undermined" if not resolved pretrial (double jeopardy),[5] or are better

---

[2]*Ex parte Robinson*, 641 S.W.2d 552, 554 (Tex. Crim. App. 1982).

[3]*Ex parte Gill*, 413 S.W.3d 425, 426 (Tex. Crim. App. 2013).

[4]The trial court's "power to proceed" has been offered as a justification for allowing facial challenges and claims that a prosecution is barred by limitations. *Ex parte Weise*, 55 S.W.3d 617, 620 (Tex. Crim. App. 2001). However, the constitutionality of a statute is not jurisdictional. "[T]he presentment of an indictment . . . to a court invests the court with jurisdiction of the cause." TEX. CONST. article V, § 12(b). Even an indictment that alleges a facially unconstitutional statute vests jurisdiction in the trial court. *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009). A trial court is deprived of jurisdiction in only two instances: "[i]f the document purporting to be a charging instrument (i.e. indictment, information, or complaint) does not satisfy the constitutional requisites of a charging instrument, ...or [if] the trial court lacks subject matter jurisdiction over the offense charged, such as when a misdemeanor involving official misconduct is tried in a county court at law." *See Nix v. State*, 65 S.W.3d 664, 668 (Tex. Crim. App. 2001) (discussing the "very rare situations" in which a judgment is deemed void). Similarly, a statute of limitations bar is not jurisdictional. *State v. Yount*, 853 S.W.2d 6, 8 (Tex. Crim. App. 1993). Limitations is forfeited if not raised at trial. *Ex parte Heilman*, 456 S.W.3d 159, 162-69 (Tex. Crim. App. 2015).

[5]*Ex parte Robinson*, 641 S.W.2d at 554-55, (citing *Abney v. United States,* 431 U.S. 651 (1977)).

raised before trial for reasons of judicial economy.[6]

On the other hand, this Court has determined that pretrial habeas is not available for challenges to the constitutionality of a statute as applied. *Ex parte Ellis*, 309 S.W.3d at 79. "An 'as applied' challenge is brought during or after a trial on the merits, for it is only then that the trial judge and reviewing courts have the particular facts and circumstances of the case needed to determine whether the statute or law has been applied in an unconstitutional manner." *State ex rel. Lykos,* 330 S.W. 3d at 910. "Because there is no basis under Texas law to conduct a pretrial evidentiary hearing to the 'as applied' constitutionality of a state penal or criminal procedural statute,. . . the trial judge does not have legal authority to conduct any such pretrial

---

[6]Judicial economy has never been a standalone justification for cognizability. *Ex parte Doster*, 303 S.W.3d at 720, 725. Furthermore, pretrial determinations slow down, rather than speed up, the process. *Id.* at 726-27. "The delays and disruptions attendant upon intermediate appeal, which the rule [that only final judgments are appealable] is designed to avoid, are especially inimical to the effective and fair administration of the criminal law." *Abney*, 431 U.S. at 656-57 (internal citations and quotations omitted). As in *Ex parte Doster*, by the time the instant appeal is finally resolved, this case could have already been tried. If this Court rules in Appellant's favor on this issue, and the case is remanded to the trial court for a ruling on the merits of the separation of powers and Speech or Debate Clause issues, that ruling will likely be appealed by the losing party, resulting in even more "appellate orbit." 303 S.W.3d at 727.

evidentiary hearing and make any such pretrial declaratory judgment." *Id*. at 919.[7]

**Appellant's claims**

Appellant contends he is being prosecuted for the exercise of his veto power as Governor, and the Texas Speech or Debate Clause, common law legislative immunity, and the Texas Separation of Powers Clause protect him from facing trial for that conduct. These challenges are not facial attacks on the statutes with which he is charged because they do not seek to invalidate the statutes themselves. Instead, they are claims that, despite the validity of the statutes, he is immune from prosecution because of the specific conduct alleged and his status at the time the

---

[7]Appellant claims that *some* as-applied challenges are cognizable. He contends that *Ex parte Boetscher*, 812 S.W.2d 600 (Tex. Crim. App. 1991), permitted an as-applied challenge in a pretrial writ. Appellant's Petition for Discretionary Review, 15-16. But in that case, this Court found an equal protection clause violation based on the statutory enhancement provision. *Id*. at 603-04. But even if *Ex parte Boetscher* implicitly held that as-applied challenges are cognizable pretrial, it was overruled *sub silencio* by subsequent cases like *State ex rel. Lykos* and *Ex parte Ellis*.

Appellant also notes that this Court addressed a separation of powers argument in *Ex parte Gill*, 413 S.W. 3d 424 (Tex. Crim. App. 2013). Appellant's Petition for Discretionary Review, 18. Gill filed a pretrial writ of habeas corpus, claiming he was entitled to release on bail under TEX. CODE CRIM. PROC. art. 17.151, and the trial court denied relief. On appeal, the State argued that the trial court's denial of relief should be upheld on the basis that article 17.151 unconstitutionally infringed on the trial judge's authority. *Ex parte Gill*, 413 S.W.3d at 421-32. The State's challenge was facial, as it sought to strike down the entire statute. More importantly, the issue Gill raised was entitlement to bail, which is undoubtably cognizable pretrial. *Ex parte Gill* did not hold that a defendant may bring an as-applied constitutional challenge under the separation of powers doctrine in a pretrial writ.

8

alleged conduct was committed. In other words, the statute is unconstitutional as applied to him. He nevertheless contends that these challenges are cognizable because they encompass a right not to stand trial, akin to double jeopardy.

**Speech or Debate Clause**

Article III, Sec. 21 of the Texas Constitution says simply, "No member shall be questioned in any other place for words spoken in debate in either House." In *Mutscher v. State*, 514 S.W.2d 905 (Tex. Crim. App. 1974), this Court determined that this general provision did not bar prosecution of a member of the Texas Legislature for bribery because the Article XVI, Section 41 of the Texas Constitution explicitly allows legislative, executive, and judicial officers to be prosecuted for bribery. *Id*. at 915. The Court also relied on *United States v. Brewster*, 408 U.S. 501, 526 (1972), which held that taking or agreeing to take a bribe is not "a thing said or done by [a legislator], as a representative in the exercise of the functions of that office." *Mutscher*, 514 S.W.2d at 915. The Court noted that the State needed only to show the bribe and not the legislative act itself. *Id*. In other words, to prove acceptance or solicitation of a bribe, evidence that the defendant carried out the promise to perform the legislative act was not necessary, only evidence of the promise was needed.

Appellant's grounds for review are limited to the Speech or Debate provisions

9

of the Texas Constitution.[8] However, because *Mutscher* is the only opinion from this Court addressing that provision, and because the Texas provision was likely fashioned after the federal Speech or Debate Clause, opinions addressing the federal provision are instructive.

**Federal Speech or Debate Clause**

U.S. Const. Art. I, § 6, Cl. 1, entitled, "Compensation and Privileges of Members," states, in part:

> The Senators and Representatives ... shall in all Cases, except Treason, Felony and Breach of the Peace, be privileged from Arrest during their Attendance at the Session of their respective Houses, and in going to and returning from the same; *and for any Speech or Debate in either House, they shall not be questioned in any other Place*.

(emphasis added). This clause was designed to ensure freedom of speech and debate in the legislature. Its origins go back to at least 1689 England, when parliamentary privilege was strengthened in response to the prosecution by King Charles I of Sir John Elliot for "seditious" speeches in Parliament. *Tenney v. Brandhove,* 341 U.S. 367, 372-73 (1951). "The instigation of criminal charges against critical or disfavored legislators by the executive in a judicial forum was the chief fear prompting the long struggle for parliamentary privilege in England and, in the context

---

[8]The Federal Speech or Debate Clause that applies to members of Congress has never been held to be applicable to state legislators in state court through the Due Process Clause of the Fourteenth Amendment. *Mutscher*, 514 S.W.2d at 914.

10

of the American system of separation of powers, is the predominate thrust of the Speech or Debate Clause." *United States v. Johnson*, 383 U.S. 169, 182 (1966).

The purpose of the Speech or Debate Clause was to "protect the independence of the Legislative Branch," not to "make Members of Congress super-citizens, immune from criminal responsibility." *Brewster*, 408 U.S. at 516. It does not generally exempt members of Congress from criminal prosecution. *Gravel v. United States,* 408 U.S. 606, 627 (1972). "While the Speech or Debate Clause recognizes speech, voting and other legislative acts as exempt from liability that might otherwise attach, it does not privilege either Senator or aide[9] to violate an otherwise valid criminal law in preparation for or implementing legislative acts." *Id.*

To claim its protections in a criminal prosecution, a member's actions must be "essential to legislating." *Gravel,* 408 U.S. at 616-17, 621. They must be "an integral part of the deliberative and communicative processes by which Members participate in committee and House proceedings with respect to the consideration and passage or rejection of proposed legislation or with respect to other matters which the Constitution places within the jurisdiction of either House." *Id.* at 625. *Brewster* explained that it would be unwise "to extend the privilege beyond its intended scope,

---

[9]Legislative aides can claim immunity acting as "alter egos" of members of the Senate or House if their actions would have been protected if performed by a member. *Gravel,* 408 U.S. at 616-17, 621-22.

11

its literal language, and its history, to include all things in any way related to the legislative process," noting, "there are few activities in which a legislator engages that he would be unable somehow to 'relate' to the legislative process." 408 U.S. at 516. The Supreme Court has distinguished between legislative and political acts. Legislators frequently "engage in many activities other than the purely legislative activities protected by the Speech or Debate Clause" such as "preparing so-called 'news letters' to constituents, news releases, and speeches delivered outside the Congress." *Id*. at 512. But the Court observed, "it has never been seriously contended that these political matters, however appropriate, have the protection afforded by the Speech or Debate Clause." *Id*. In *Hutchinson v. Proxmire*, 443 U.S. 111, 127-28 (1979), the Court held that the Speech or Debate Clause did not protect libel about wasteful government spending in a U.S. senator's press release for his "Golden Fleece Award." The Court rejected the argument that Speech or Debate protections should apply because members can exert more influence through press releases and newsletters than speeches on the Senate floor. *Id*. at 131.

**Are Speech or Debate Claims cognizable pretrial?**

Appellant points out that double jeopardy claims are cognizable in pretrial habeas proceedings because they encompass a right not to be tried, and waiting until after trial to hear and appeal these claims significantly diminishes that right. He

12

contends that the Speech or Debate Clause similarly creates a right not to be tried; therefore, those claims should also be resolved before trial.[10]

This argument assumes that the only hurdle to pretrial cognizability is the nature of the right. But this Court has also refused to allow issues to be heard pretrial when their resolution would require the development of facts. *See Ex parte Doster*, 303 S.W.3d at 724 ("[P]retrial habeas is unavailable when the resolution of a claim may be aided by the development of a record at trial."). Even double jeopardy claims are decided using an analysis that compares statutory elements and indictment allegations and does not permit reliance on evidence. *Ex parte Castillo*, __ S.W.3d __, No. PD-0545-14, 2015 Tex. Crim. App. LEXIS 622, *6 (Tex. Crim. App. 2015).

---

[10]Appellant cites *Helstoski v. Meanor*, 442 U.S. 500 (1979), in support of this claim. But *Helstoski* does not address Texas procedural rules; it addresses appealability of a pretrial ruling on the merits. Helstoski, a member of the U.S. House of Representatives, moved to dismiss his bribery indictment, relying on the federal Speech or Debate Clause. *Id.* at 504. The trial court denied the motion on the merits, after considering grand jury transcripts. *Id.* The Supreme Court held that mandamus would not lie to compel dismissal because Helstoski had an adequate remedy at law. *Id*. at 506. He was entitled appeal under federal procedural rules defining "final judgment" because the Speech or Debate Clause protects members of Congress "from the burden of defending themselves." *Id.* at 506-08.

Substantively, *Helstoski* holds that the Speech or Debate Clause grants a Legislator a right not to be tried, but it does not address the procedural question of whether, under Texas cognizability jurisprudence, a trial court must address the merits of a claim that requires an examination of the facts of the offense.

13

**Does the Speech or Debate Clause apply to a gubernatorial veto or veto threat?**

Even if the Texas Speech or Debate Clause protects members of the Legislature from "the burden of defending themselves," and this issue is deemed cognizable – even if it requires the development of facts to determine whether the act in question was "essential to legislating"– this issue can be resolved without remanding for an evidentiary hearing if this Court determines, as a threshold issue, that the Clause does not apply to a Texas Governor. Its plain language is limited to "members" of the Legislature.[11] So there is no need to add Speech or Debate Clause protection to the list of cognizable pretrial habeas issues if Appellant is not eligible to raise that claim as a matter of law.

**Veto**

Appellant contends that the charges in this case stem from his use of the gubernatorial veto.[12] Neither this Court nor the U.S. Supreme Court has addressed

---

[11]"No member shall be questioned in any other place for words spoken in debate in either House." TEX. CONST. Art. III, § 21.

[12]Count I does not allege that a veto was used. But the State filed a "Bill of Particulars and Amendment of Indictment," stating that Appellant "misused government property that was subject to his custody and possession in that he used the lawful power of the gubernatorial veto for an unlawful purpose, to-wit: eliminating funding for the Public Integrity Unit after Ms. Lehmberg refused to resign from her elected position as Travis County District Attorney." (3/2/15 Supp. CR: 3, 5). Appellant objected that a bill of particulars is not authorized in Texas and is not binding on the State. (*Id.* at 13-14). In the alternative, he argued that if the bill of

14

whether the executive branch is immune from prosecution under the Speech or Debate Clause.

In a lawsuit regarding an appropriations bill, the Texas Supreme Court held, "The veto power when exercised is a legislative and not an executive function." *Fulmore v. Lane*, 140 S.W. 405, 411 (Tex. 1911).

And common law legislative immunity in a 42 U.S.C. § 1983 action has been extended to officials outside the legislative branch when they perform legislative functions. In *Bogan v. Scott-Harris*, 523 U.S. 44 (1998), the U. S. Supreme Court held that a mayor, although a member of the executive branch, could claim legislative immunity in a § 1983 civil suit, because his "introduction of a budget and signing into law an ordinance ... were legislative because they were integral steps in the legislative process." *Id*. at 55.

A veto is not an integral step in the legislative process in Texas. The

---

particulars is allowed to substitute for an amended pleading, that allegation makes clear that the misuse of property is based on the veto, and he relies on that allegation in support of the arguments in his petition. *Id.* at 14. The trial court has not ruled on Appellant's objections. Regardless, those allegations can be abandoned or revised before trial, which is why factual averments in an indictment are an insufficient basis for a pretrial habeas claim.

While it is true that Count II (coercion of a public servant) alleges Appellant's threat to use the veto, Appellant's petition addresses only Count I of the indictment. The State will, nevertheless, address the issues raised in Appellant's petition with regard to both charges, in the event the Court decides to address both charges.

15

governor's legislative power is negative in the sense that he can only veto or negate legislation. *Pickle v. McCall*, 24 S.W. 265, 268 (Tex. 1893). But his veto can be overridden, and although he may approve bills by signing them, absent a veto, a bill passed by both houses becomes law after ten days without his signature. TEX. CONST. Art. IV, § 14.[13]

So while the veto, when exercised, is part of the legislative process, it is not a legislative act and the Governor's power is limited. The constitution grants the veto to the governor as a check on legislative power.[14] But despite the language in *Fulmore* and *Bogan*, a veto cannot be an actual legislative act because no member of the legislature has the authority to exercise it. *Cf. Gravel,* 408 U.S. at 616-17, 621-22 (1972) (legislative aides protected by Speech and Debate Clause if their actions

---

[13]In *Edwards v. United States*, 286 U.S. 482, 490 (1932), the Supreme Court recognized that although the president "acts legislatively under the Constitution, . . . he is not a constituent part of the Congress." *Edwards*, 286 U.S. at 490. The Court cited "Memoirs of John Quincy Adams" (1875), vol. 6, pp. 379, 380, which noted that while 'no Act of Parliament could be valid without the King's approbation . . . the President is not a constituent part of Congress, and an Act of Congress may be valid as law without his signature or assent."

[14]"[The veto] power is given to the executive, it is said, to prevent the natural tendency of the legislative branch to intrude upon the rights and absorb the powers of the other branches of the government. The power is also important as a additional security against the enactment of rash, immature and improper laws. Thus it is thought to act as a salutary check upon the legislative body." Interpretive Commentary to Art. IV, § 14 (Vernon 1997) p. 722.

16

would have been protected if performed by a member). Therefore, the Governor's veto as alleged in the bill of particulars as to Count I, is not a legislative act and is not protected by the Speech or Debate Clause.

**Veto threat**

Even if the veto were a legislative act, Count II alleges the threat of a veto, *i.e.*, a threat to perform a future act. In *United States v. Helstoski*, 443 U.S. 477 (1979), the Supreme Court held that while the Speech or Debate Clause "precludes any showing of how [a legislator] acted, voted, or decided, . . . [p]romises by a Member to perform an act *in the future* are not legislative acts." *Id*. at 488-89. Specifically, "a promise to deliver a speech, to vote, or to solicit other votes at some future date is not 'speech or debate,'" *Id.* at 490. The Court further noted that an agreement to perform a legislative act may be admissible even if evidence that the act was actually performed is not. *Id.* at 489. This Court adopted that rationale with regard to the Texas Speech or Debate Clause in *Mutscher.* 514 S.W. 2d at 915. Therefore, at least with respect to Count II, prosecution for the veto *threat* is permissible even if the Speech or Debate Clause forbids prosecution of the subsequent, actual veto.

**How does the resolution of this issue affect future proceedings?**

To expedite the matter, this Court could decide the legal question of whether the Speech or Debate Clause can apply to a veto or veto threat by a Texas Governor

17

as a matter of law. *See Davison v. State*, 405 S.W.3d 682, 691-92 (Tex. Crim. App. 2013) ("When the proper resolution of the remaining issue is clear, we will sometimes dispose of the case in the name of judicial economy."). If neither the veto nor the threat of the veto can be a legislative act as a matter of law, there is no reason to remand to the trial court, regardless of cognizability. If, however, the issue is cognizable, and this Court does not address whether the Governor can claim it, the case will need to be remanded for the development of facts to determine when, where, and under what circumstances Appellant acted before it can be determined whether his act was "essential to legislating" and not merely related to legislating or political in nature. *Brewster*, 408 U.S. at 512, 516.[15] Again, the need for significant record development demonstrates the as-applied nature of Appellant's constitutional challenge and supports the State's argument against cognizability.

**Legislative Immunity**

Appellant also contends his legislative immunity claims are cognizable, but this argument appears to be part of his Speech or Debate Clause argument. Legislative immunity is a common law doctrine that is derived from the Speech or Debate Clause

---

[15]Neither the indictment nor the bill of particulars sets out when or where the veto threat was made, but Appellant's habeas corpus petition assumed it occurred at a press conference or press release. If so, that conduct is not covered by the Speech or Debate clause. *Brewster*, 408 U.S. at 512; *Hutchinson*, 443 U.S. at 127-21.

18

and applies in civil cases. With regard to criminal cases, the U.S. Supreme Court

held:

> This Court has never suggested that the policy considerations which compel civil immunity for certain governmental officials also place them beyond the reach of the criminal law. Even judges, cloaked with absolute civil immunity for centuries could be punished criminally for willful deprivations of constitutional rights on the strength of 18 U.S.C. § 242, the criminal analog of § 1983.

*Imbler v. Pachtman*, 424 U.S. 409, 429 (1976).

Furthermore, this argument fails for the same reasons as Appellant's Speech

or Debate Claims.

**Separation of Powers**

Appellant claims the separation of powers clause of the Texas Constitution is

violated by this prosecution. He contends that scrutiny of the gubernatorial veto in

the courts allows the judicial branch to unduly interfere with the constitutionally

assigned powers of another branch of government. In support of this claim, he again

asserts that the veto power is a legislative function. But this case does not involve a

statute that purports to interfere with the veto power.[16] It involves the facts of a

---

[16]A typical separation of powers claim in a criminal case asserts that a penal or procedural statute violates the clause on its face. *See, e.g.*, *Perraza v. State*, __S.W.3d__, No PD-0100-15 & 0101-15, 2015 Tex Crim. App. 764, *1 (Tex. Crim. App. 2015) (Appellant claims court cost constitutes a tax and improperly delegates tax collection authority to judicial branch); *Ex parte Lo*, 424 S.W.3d 10, 28-30 (opinion on rehearing) (Court held that statute requiring courts to provide notice to

19

particular prosecution.

Unlike the Speech or Debate issue, the Separation of Powers Clause was not designed to protect a member of the legislative or executive branch "from the burden of defending" themselves in a criminal prosecution. *Cf. Helstoski v. Meanor*, 442 U.S. at 508 (discussing nature of the Speech or Debate right). It does not grant immunity. Appellant's claim is an impermissible bid to litigate his guilt pretrial by calling, "King's X." As such, the trial court correctly held that this claim was not cognizable pretrial.

**Political Question**

In his brief in the court of appeals, Appellant claimed the legality of his actions amounted to a political question. Appellant's Court of Appeals' Brief, p. 42-43. A political question is one that is not subject to judicial review. In *Baker v. Carr*, 369 U.S.186 (1962), the Supreme Court explained when a political question arises:

> Prominent on the surface of any case held to involve a political question is found a textually demonstrable constitutional commitment of the issue to a coordinate political department; or a lack of judicially discoverable and manageable standards for resolving it; or the impossibility of

attorney general unduly interferes with judicial branch); *Ex parte Gill*, 413 S.W.3d at 431-32 (State argued that bail statute unduly interferes with judicial branch); *State v. Rhine*, 297 S.W.3d 301, 304 (Tex. Crim. App. 2009) (Appellant argued that statute granting rule making authority to TCEQ improperly delegates legislative power to executive branch); *Meschell v. State*, 739 S.W.2d 246 256-57 (1987) (Court held that speedy trial act unduly interferes with judicial branch).

> deciding without an initial policy determination of a kind clearly for nonjudicial discretion; or the impossibility of a court's undertaking independent resolution without expressing lack of the respect due coordinate branches of government; or an unusual need for unquestioning adherence to a political decision already made; or the potentiality of embarrassment from multifarious pronouncements by various departments on one question.

*Id*. at 217. A legal issue does not become a nonjusticiable political question merely because it involves political actors or it "[lies] at the vortex of most fiery political embroilment." *Id.* at 215 n. 43. *See also*, id. at 217 ("The doctrine of which we treat is one of 'political questions,' not one of 'political cases.').

Most important, a political question does not confer immunity from criminal prosecution. Whether Appellant's conduct satisfies the elements of a penal statute is a question of sufficiency of the evidence to be decided at trial, not a pretrial determination that this issue cannot be decided or that he is immune from prosecution because a political question might arise at trial.

## PRAYER FOR RELIEF

WHEREFORE, the State of Texas prays that this Court affirm that part of the court of appeals' opinion holding that Appellant's claims that the statutes are unconstitutional as applied to him are not cognizable in a pre-trial habeas corpus proceeding.

Respectfully submitted,

/s/ LISA C. McMINN
LISA C. McMINN
State Prosecuting Attorney
Bar I.D. No. 13803300

P.O. Box 13046
Austin, Texas 78711
information@spa.texas.gov
512/463-1660 (Telephone)
512/463-5724 (Fax)

22

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that according to the WordPerfect word count tool this document contains 6604 words.

/s/ LISA C. McMINN
LISA C. McMINN
State Prosecuting Attorney

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 21st day of October 2015, the State's

Brief on the Merits of Appellant's Petition for Discretionary Review was served via

certified electronic service provider to:

Anthony G. Buzbee
Tbuzbee@txattorneys.com

David L. Botsford
dbotsford@aol.com

Thomas R. Phillips
tom.phillips@bakerbotts.com

Michael McCrum
michael@McCrumlaw.com

David Gonzalez
david@sg-llp.com

/s/ LISA C. McMINN
LISA C. McMINN
State Prosecuting Attorney